## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON EISENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, and | ) | **JURY TRIAL DEMANDED** |
| Serve: City of St. Louis Counselor | ) | |
| 1200 Market Street, City Hall, Ste 314 | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| CORIZON HEALTH INC., n/k/a TEHUM CARE | ) | |
| SERVICES INC., and | ) | |
| Serve: CT Corporation System | ) | |
| 120 S. Central Ave, | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| JOY DILLON, LPN, and | ) | |
| Serve: HOLD | ) | |
| | ) | |
| NAWASSHA FRAZIER, and | ) | |
| Serve: 4955 Evelynaire Dr., | ) | |
| Black Jack, MO 63033 | ) | |
| | ) | |
| KHALILAH MORSE, RN, and | ) | |
| Serve: 4331 Alad Dr., | ) | |
| Alton, IL 62002 | ) | |
| | ) | |
| NAOMI PERRY, LPN, and | ) | |
| Serve: 1112 Moorlands Dr., | ) | |
| St. Louis, MO 63117 | ) | |
| | ) | |
| MICHELLE BROOKS, RN, and | ) | |
| Serve: 2140 Treasure Island, Dr., | ) | |
| Imperial, MO 63052 | ) | |
| | ) | |
| ANDREAL BROWN, RN, and | ) | |
| Serve: 1109 Maple Ave, | ) | |
| St. Louis, MO 63138 | ) | |
| | ) | |
| LAKISHA BAXTON, LPN, and | ) | |
| Serve: 2310 Fairy Bell Dr., | ) | |
| St. Louis, MO 63126 | ) | |

DEBORAH JONES, RN, and                           )
Serve:  4258 Castleman Ave, Apt B,               )
     St. Louis, MO 63110                        )
                                                 )
DIRECTOR OF PUBLIC SAFETY                         )
CHARLES COYLE, *official capacity only*          )
Serve:  City of St. Louis Counselor              )
     1200 Market Street, City Hall, Ste 314    )
     St. Louis, MO 63103                       )
                                                 )
     Defendants.                               )

## COMPLAINT

COMES NOW Plaintiff, Brandon Eisenbach, by and through undersigned counsel, and for his causes of action against Defendants City of St. Louis, Missouri, Corizon Health Inc., n/k/a/ Tehum Care Services, Inc., Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, Lakisha Baxton, LPN, Deborah Jones, RN, and Director of Public Safety, Charles Coyle, and states to the Court as follows:

## INTRODUCTORY STATEMENT

(1)     On or about April 13, 2021, Brandon Eisenbach ("Eisenbach") was taken into custody and housed at the City of St. Louis Justice Center (hereinafter "Justice Center").

(2)     Throughout the course of his stay at the Justice Center, Plaintiff Eisenbach complained of and reported that he was experiencing significant finger pain, swelling, discomfort, and discoloration.

(3)     Plaintiff Eisenbach remained in custody at the Justice Center until April 24, 2021, when he was transported to SSM SLU Hospital.

(4)     Plaintiff Eisenbach was deliberately denied medical care and attention in that no action was taken in response to Plaintiff Eisenbach's complaints while at the Justice Center until he was taken to SSM SLU Hospital where he ultimately had a portion of his finger removed.

(5)     Plaintiff Eisenbach suffered serious physical injuries as a result of this incident in addition to pain, suffering, humiliation, and emotional and mental distress.

(6)     This is a civil rights action brought pursuant to 42 U.S.C. §1983 to redress violations of Plaintiff Eisenbach's rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff Eisenbach also asserts claims under Missouri Law.

## JURISDICTION AND VENUE

(7)     This action is brought pursuant to 42 U.S.C. §1983 for deprivation of rights secured by the Eighth and Fourteenth Amendments of the United States Constitution.

(8)     The Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343.

(9)     Jurisdiction supporting Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. §1988.

(10)     Plaintiff Eisenbach invokes supplement jurisdiction of the Court pursuant to 28 U.S.C. §1367 to hear and decide claims under Missouri Law.

(11)     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Defendants are located in and all incidents giving rise to this suit occurred in the State of Missouri within this judicial district.

(12)     Divisional venue is proper in the Eastern District because a substantial part of the events leading to the claims for relief arose in the City of St. Louis, Missouri.  *See* E.D. Mo. L.R. 207(A)(1).

## PARTIES

(13)     Plaintiff Eisenbach is an individual over the age of eighteen and at all times mentioned herein was present in the City of St. Louis, State of Missouri.

(14)     Defendant City of St. Louis, Missouri ("City"), is a political and geographic subdivision of the State of Missouri and is organized as a constitutional charter city under Article

VI, section 19 of the Missouri Constitution.  Defendant City is the public entity responsible for oversight of the Justice Center through the Division of Corrections within the Department of Public Safety.  Defendant City is a political subdivision of the State of Missouri and is a person for the purposes of 42 U.S.C. §1983 and is capable of suing and being sued.

(15)    Defendant Corizon Health Inc., n/k/a Tehum Care Services, Inc. ("Corizon"), is a Texas Corporation and in good standing in the State of Missouri, and upon information and belief, provided staffing for and/or medical services at the Justice Center during all times mentioned in this lawsuit.

(16)    Defendant Joy Dillon, LPN ("Dillon") is and was, at all times relevant hereto, a citizen of the United States and was acting as a licensed practical nurse at the Justice Center.  At all times relevant hereto, Defendant Dillon was acting under the color of state law and authority of her position.  Defendant Dillon is being sued in her individual capacity and official capacity.

(17)    Defendant Nawassha Frazier, ("Frazier") is and was, at all times relevant hereto, a citizen of the United States and was acting as medical staff at the Justice Center.  At all times relevant hereto, Defendant Frazier was acting under the color of state law and authority of her position.  Defendant Frazier is being sued in her individual capacity and official capacity.

(18)    Defendant Kahlliam Morse, RN ("Morse") is and was, at all times relevant hereto, a citizen of the United States and was acting as a nurse at the Justice Center.  At all times relevant hereto, Defendant Morse was acting under the color of state law and authority of her position.  Defendant Morse is being sued in her individual capacity and official capacity.

(19)    Defendant Naomi Perry, LPN ("Perry") is and was, at all times relevant hereto, a citizen of the United States and was acting as a licensed practical nurse at the Justice Center.  At all times relevant hereto, Defendant Perry was acting under the color of state law and authority of her position.  Defendant Perry is being sued in her individual capacity and official capacity.

(20)     Defendant Michelle Brooks, RN ("Brooks") is and was, at all times relevant hereto, a citizen of the United States and was acting as a registered nurse at the Justice Center. At all times relevant hereto, Defendant Brooks was acting under the color of state law and authority of her position.  Defendant Brooks is being sued in her individual capacity and official capacity.

(21)     Defendant Andreal Brown, RN ("Brown") is and was, at all times relevant hereto, a citizen of the United States and was acting as a nurse at the Justice Center.  At all times relevant hereto, Defendant Brown was acting under the color of state law and authority of her position. Defendant Brown is being sued in her individual capacity and official capacity.

(22)     Defendant Lakisha Baxton, LPN ("Baxton") is and was, at all times relevant hereto, a citizen of the United States and was acting as a licensed practical nurse at the Justice Center.  At all times relevant hereto, Defendant Baxton was acting under the color of state law and authority of her position.  Defendant Baxton is being sued in her individual capacity and official capacity.

(23)     Defendant Deborah Jones, RN ("Jones") is and was, at all times relevant hereto, a citizen of the United States and was acting as a licensed registered nurse at the Justice Center.  At all times relevant hereto, Defendant Baxton was acting under the color of state law and authority of her position.  Defendant Baxton is being sued in her individual capacity and official capacity.

(24)     Defendant Charles Coyle ("Coyle") is and was, at all times relevant hereto, a citizen of the United States and acting as interim director of public safety and had supervisory authority over and was responsible for operating the Justice Center.  Defendant Coyle was at all times referred to herein acting under the authority of the City of St. Louis pursuant to official policy and/or custom, and all acts, errors, and omissions hereafter alleged to be performed, or improperly omitted, by this defendant were performed or omitted while said defendant was acting

under color of law and were done or omitted with belligerent, deliberate and shocking indifference to the rights of the Plaintiff as secured by 42 U.S.C. §1983, and the Constitution of the United States.  Defendant Coyle is being sued in his official capacity.

## INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY

(25)     Upon information and belief, at all relevant times, Defendant City purchased and had in effect a policy of insurance to insure itself and the Justice Center against claims or causes of actions for damages caused by its employees engaged in government functions, including the tort and civil rights violations described herein.

(26)     The purchase of insurance constitutes an intentional waiver of sovereign immunity by the Defendant City and its covered officers and employees for all of Plaintiff's claims.

## FACTS COMMON TO ALL COUNTS

(27)     Plaintiff Eisenbach was taken into custody by the City police on or about April 13, 2021, and was held at the Justice Center.

(28)     At the time Plaintiff Eisenbach was booked, the Justice Center, by and through its agents and employees, performed a medical examination of Plaintiff Eisenbach which revealed no medical ailments including to his left hand or fingers.

(29)     Within one day of being booked, Plaintiff Eisenbach began to complain to the staff, including medical/nursing staff, at the Justice Center, that he was experiencing swelling, discomfort, color change, and pain in his ring finger on his left hand.

(30)     Plaintiff Eisenbach continued to make complaints, including but not limited to, multiple times per day during medication pass, that he was experiencing swelling, discomfort, color change, and pain in his ring finger on his left hand.

(31)     Plaintiff Eisenbach was not provided with medical attention when he began and continued to complain of swelling, discomfort, color change, and pain in his ring finger on his left hand.

(32)     On or about April 14, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Joy and no medical treatment was provided to Plaintiff.

(33)     On or about April 15, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Perry and no medical treatment was provided to Plaintiff.

(34)     On or about April 15, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Joy and no medical treatment was provided to Plaintiff.

(35)     On or about April 17, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Perry and no medical treatment was provided to Plaintiff.

(36)     On or about April 18, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Baxton and no medical treatment was provided to Plaintiff.

(37)     On or about April 18, 2021, during a sick call, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Brown and no medical treatment was provided to Plaintiff.

(38)     On or about April 19, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Dillon and no medical treatment was provided to Plaintiff.

(39)     On or about April 20, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Perry and no medical treatment was provided to Plaintiff.

(40)     On or about April 20, 2021, Defendant Jones examined Plaintiff and provided no treatment for his complaints of swelling, discomfort, color change, and pain in his ring finger on his left hand.

(41)     On or about April 21, 2021, Plaintiff reported his complaints of swelling, discomfort, color change, and pain in his ring finger on his left hand during morning medicine pass and received no medical treatment or evaluation.

(42)     On or about April 21, 2021, Plaintiff submitted a request for a medical evaluation for the swelling, discomfort, color change, and pain in his ring finger on his left hand and was not provided treatment or evaluation.

(43)     On or about April 22, 2021, Plaintiff was examined by Defendant Frazier and Defendant Frazier noted that Plaintiff Eisenbach's ring finger on this left hand was visibly swollen and painful with scant drainage and possible infection.  No further treatment was provided.

(44)     Plaintiff continued to make complaints that he was experiencing swelling, discomfort, color change, and pain in his ring finger on his left hand subsequent to the April 22, 2021, examination.

(45)     On or about April 23, 2021, Plaintiff complained of swelling, discomfort, color change, and pain in his ring finger on his left hand to Defendant Morse and no medical treatment was provided to Plaintiff.

(46)     On or about April 24, 2021, Plaintiff continued to complain of swelling, discomfort, color change, and pain in his ring finger on his left hand during morning medicine

pass.  Defendant Joy examined Plaintiff's left ring finger and documented that his finger was "visibly more swollen since last visual assessment" and redness and purple coloring was noted. No treatment was provided to Plaintiff.

(47)     On or about April 24, 2021, after receiving no treatment, Plaintiff again filed a request for medical treatment and reported that his left ring finger was black and blue, swollen, and painful.

(48)     On or about April 24, 2021, Plaintiff was taken to the infirmary at the Justice Center for examination.

(49)     On or about April 24, 2021, the staff at the Justice Center infirmary transferred Plaintiff SSM SLU Hospital due to the appearance of and complaints relating to his left hand ring finger as aforesaid.

(50)     Plaintiff was ultimately diagnosed with a MRSA infection to his left ring finger and remained hospitalized from April 24, 2021, through May 14, 2021, and received significant medical treatment for his injuries.

(51)     As a direct and proximate result of the belligerent, deliberate and shocking indifferent conduct of Defendants as aforementioned, Plaintiff's finger and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves and other soft tissues were severely wrenched, twisted, torn, impacted, crushed and otherwise damaged; that Plaintiff's nerves and entire nervous system were disturbed and injured; that Plaintiff's serious and permanent injuries have caused Plaintiff to suffer limitation of motion and loss of ability to perform day-to-day activities and thereby has prevented Plaintiff from enjoying life; that Plaintiff has in the past and will in the future be required to seek medical care and incur expenses; that all of Plaintiff's injuries are permanent and progressive in nature.

## COUNT I – FAILURE TO PROVIDE ADEQUATE MEDICAL CARE
## COGNIZABLE UNDER 42 U.S.C. §1983

*Against Defendants City of St. Louis, Missouri, Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, Lakisha Baxton, LPN, and Director of Public Safety, Charles Coyle*

(52)    Plaintiff restates and incorporates paragraphs 1 through 51 as if fully set forth herein.

(53)    Plaintiff was experiencing objectively serious health symptoms during his time at the Justice Center as aforesaid.

(54)    Defendants were aware of Plaintiff's condition as aforesaid on or about April 14, 2021, continuing through April 24, 2021.

(55)    Defendants were aware of the seriousness and rapidly escalating nature of Plaintiff's health complaints, including but not limited to Plaintiff's continued complaints of pain to his left ring finger beginning on or about April 14, 2021, Plaintiff's continuous requests for medical attention and not being provided the same, direct observation by correctional officers, and direct observation by Justice Center medical staff, and Defendants deliberately disregarded the seriousness and rapidly escalating nature of Plaintiff's health complaints.

(56)    Plaintiff's "nursing visits" during medication pass did not amount to appropriate care for Plaintiff as his condition continued to decline and no treatment was provided.

(57)    Defendants' deliberate denial of appropriate medical care demonstrated deliberate indifference towards Plaintiff's condition.

(58)    Defendants knew or should have known that Plaintiff was at a substantial risk of serious injury to his health from his medical condition but disregarded that risk by intentionally refusing and/or failing to take any reasonable measures to treat Plaintiff's medical condition.

(59)    Defendants should have been aware that to deny Plaintiff adequate medical care for his serious condition was to deny Plaintiff his Constitutional rights.

(60)   In committing the acts alleged herein, Defendants acted willfully, recklessly, maliciously, and with deliberate indifference to Plaintiff and his serious medical needs and need for medical care.

(61)   Defendants were acting under the color of State law when they denied Plaintiff his Constitutional right to adequate medical care.

(62)   As a direct and proximate result of the belligerent, deliberate and shocking indifferent conduct of Defendants as aforementioned, Plaintiff's finger and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves and other soft tissues were severely wrenched, twisted, torn, impacted, crushed and otherwise damaged; that Plaintiff's nerves and entire nervous system were disturbed and injured; that Plaintiff's serious and permanent injuries have caused Plaintiff to suffer limitation of motion and loss of ability to perform day-to-day activities and thereby has prevented Plaintiff from enjoying life; that Plaintiff has in the past and will in the future be required to seek medical care and incur expenses; that all of Plaintiff's injuries are permanent and progressive in nature.

(63)   Defendants violated Plaintiff's rights secured by the Eighth and/or Fourteenth Amendments to the Constitution of the United States.  Defendants are liable for their violations pursuant to 42 U.S.C. §1983.

(64)   The actions of Defendants with regard to Plaintiff were recklessly and callously indifferent to Plaintiff's Eighth and Fourteenth Amendment rights.  Plaintiff is therefore entitled to an award of punitive damages against these Defendants, in their individual capacities, to punish these Defendants and to deter them and others from like conduct in the future.

(65)   Pursuant to 42 U.S.C. §1988, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

11

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against Defendants City of St. Louis, Missouri, Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, Lakisha Baxton, LPN, and Director of Public Safety, Charles Coyle, for damages in a sum that is fair and reasonable for the injuries sustained by Plaintiff, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), for Plaintiff's pecuniary and non-pecuniary losses, for pre-judgment and post-judgment interest, for punitive damages, for his costs and attorneys' fees, and for such other and further other relief as the Court deems just and proper.

## COUNT II – MEDICAL NEGLIGENCE
### *Against Defendants City of St. Louis, Missouri, Corizon Health Inc., n/k/a Tehum Care Services, Inc., Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, and Lakisha Baxton, LPN*

(66)    Plaintiff restates and incorporates paragraphs 1 through 65 as if fully set forth herein.

(67)    A patient-healthcare provider relationship existed between Defendants City of St. Louis, Missouri, Corizon, n/k/a Tehum Care Services, Inc., Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, Lakisha Baxton, LPN, (hereinafter "Defendant Healthcare Providers") and Plaintiff.

(68)    Defendant Healthcare Providers owed Plaintiff a duty to provide medical care by using the degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession while Plaintiff was an inmate at the Justice Center.

(69)    Defendant Healthcare Providers were responsible for overseeing, reviewing, and tacitly approving and/or authorizing the care that was provided to Plaintiff, or that should have been provided to Plaintiff, and therefore owed a legal duty to protect Plaintiff from injury.

(70)    Defendant Healthcare Providers breached their duty owed to Plaintiff in the following respects, to-wit:

12

a.   Failed to provide professional medical judgment and care that would be ordered by outside treating providers;

b.   Failed to properly report and record symptoms, new symptoms, and/or the increasing severity of symptoms, including Plaintiff's progressively worsening complaints of pain, swelling, and general deterioration of his left hand ring finger;

c.   Failed to immediately transfer Plaintiff to the infirmary;

d.   Failed to timely and properly consult outside medical providers for treatment of Plaintiff's complaints as aforesaid; and

e.   Failed to timely transport Plaintiff to an appropriate outside care facility.

(71)     The medical care provided to Plaintiff by Defendant Healthcare Providers, and breach of their duties as aforesaid, was below the standard of care and therefore negligent.

(72)     As a direct and proximate result of Defendant Healthcare Providers' negligence as aforesaid, Plaintiff's diagnosis and treatment was severely delayed and denied which caused him to suffer severe physical pain and emotional distress.

(73)     Defendant Healthcare Providers knew or should have known that the aforementioned conduct of failing to provide adequate medical care to Plaintiff, failing to permit Plaintiff to receive medical care from outside medical providers, and allowing Plaintiff to suffer extreme and debilitating pain relating to his medical condition, involved an unreasonable risk of causing distress and was below the standard of care.

(74)     Plaintiff is entitled to recover all applicable damages including, but not limited to, damages related to pain and suffering, mental anguish, disfigurement, loss of capacity to enjoy life, and physical impairment.

13

(75)     Defendant Healthcare Providers' acts and omissions were intentionally willful, wanton, reckless, and malicious and evince a complete and conscious and reckless disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient punish defendants and to deter others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in Count II in his favor and against Defendants City of St. Louis, Missouri, Corizon Health Inc., n/k/a Tehum Care Services, Inc., Joy Dillon, LPN, Nawassha Frazier, Khalilah Morse, RN, Naomi Perry, LPN, Michelle Brooks, RN, Andreal Brown, RN, and Lakisha Baxton, LPN for damages in a sum that is fair and reasonable for the injuries sustained by Plaintiff, for Plaintiff's pecuniary and non-pecuniary losses, for pre-judgment and post-judgment interest, for punitive damages, for his costs, and for such other and further other relief as the Court deems just and proper.

### COUNT III – MEDICAL NEGLIGENCE RESPONDEAT SUPERIOR
***Against Defendant Corizon Health Inc., n/k/a Tehum Care Services, Inc.***

(76)     Plaintiff restates and incorporates paragraphs 1 through 75 as if fully set forth herein.

(77)     That at the time of the negligent acts complained of herein and at all times mentioned, Defendant Corizon, by and through its servants, employees and/or agents, actual or ostensible, had a duty to employ medical professionals which possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of Defendant Corizon's employee's profession in the care of Plaintiff.

(78)     That Defendant Corizon, by and through its servants, employees and/or agents, actual or ostensible, in caring for Plaintiff, breached its duty of care and committed the following acts of negligence, to-wit:

      a.  Failed to provide professional medical judgment and care that would be ordered by outside treating providers;

14

     b.   Failed to properly report and record symptoms, new symptoms, and/or the increasing severity of symptoms, including Plaintiff's progressively worsening complaints of pain, swelling, and general deterioration of his left hand ring finger;

     c.   Failed to immediately transfer Plaintiff to the infirmary;

     d.   Failed to timely and properly consult outside medical providers for treatment of Plaintiff's complaints as aforesaid; and

     e.   Failed to timely transport Plaintiff to an appropriate outside care facility.

(79)    That the negligence of Defendant Corizon, as more fully set forth above, directly and proximately caused or contributed to cause the harms, injuries and damages sustained by Plaintiff, as more fully set forth above, including the loss of a portion of Plaintiff's finger and need for additional medical treatment.

(80)    That as a direct and proximate result of one or more of Defendant Corizon's foregoing acts of negligence, Plaintiff suffered severe injuries causing him pain and suffering.

(81)    That as a direct and proximate result of Defendant Corizon's aforementioned negligence, Plaintiff was forced to expend monies for medical care in connection with his injuries and for such other expenses.

(82)    That Plaintiff will be forced to expend funds for treatment and care in the future.

WHEREFORE, Plaintiff prays for judgment in Count III in his favor and against Defendant Corizon Health Inc., n/k/a Tehum Care Services, Inc., for damages in a sum that is fair and reasonable for the injuries sustained by Plaintiff, for Plaintiff's pecuniary and non-pecuniary losses, for pre-judgment and post-judgment interest, for punitive damages, for his costs and for such other and further other relief as the Court deems just and proper.

## COUNT IV – NEGLIGENT FAILURE TO HIRE, TRAIN, AND/OR SUPERVISE
### *Against Defendant Corizon Health Inc., n/k/a Tehum Care Services, Inc.*

(83)     Plaintiff restates and incorporates paragraphs 1 through 82 as if fully set forth herein.

(84)     Plaintiff's symptoms were of sufficient severity that Plaintiff should have received more appropriate medical care for his objectively serious medical condition.

(85)     Defendant Corizon's servants, employees and/or agents, actual or ostensible, were aware or should have been aware of the severity of Plaintiff's medical condition.

(86)     Defendant Corizon owed a duty to Plaintiff and was responsible to ensure that its servants, employees and/or agents, actual or ostensible, were providing medical care consistent with its policies and procedures.

(87)     Defendant Corizon was negligent in its supervision of its servants, employees and/or agents, actual or ostensible, including the medical staff providing care to Plaintiff, in that it failed to ensure its policies and procedures as aforementioned were carried out.

(88)     Defendant Corizon also deliberately and knowingly failed to properly train and/or supervise their servants, employees and/or agents, actual or ostensible, providing care at the Justice Center in that at the time Plaintiff was held at the Justice Center, Defendant Corizon had inadequate policies, procedures, training, manuals, and guidelines for rendering of health care to inmates at the Justice Center, including Plaintiff.  Defendant Corizon's failure includes, but is not limited to:

      a.   Failure to properly inform medical personnel of Plaintiff's deteriorating condition as aforesaid;

      b.   Failure to transport Plaintiff to an appropriate medical facility as soon as they knew, or in the exercise of reasonable care should have known, that Plaintiff was in need of serious medical attention;

16

    c.   Failure to summon emergency medical personnel as soon as they knew, or in the exercise of reasonable care should have known, that Plaintiff was in need of serious medical attention;

    d.   Failure to enact and follow policies to identify and treat serious medical conditions as suffered by the Plaintiff; and

    e.   Failure to timely transport Plaintiff to an outside medical facility.

(89)    As a direct and proximate result of the negligence of Defendant Corizon as set forth above, Plaintiff's finger and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves and other soft tissues were severely wrenched, twisted, torn, impacted, crushed and otherwise damaged; that Plaintiff's nerves and entire nervous system were disturbed and injured; that Plaintiff's serious and permanent injuries have caused Plaintiff to suffer limitation of motion and loss of ability to perform day-to-day activities and thereby has prevented Plaintiff from enjoying life; that Plaintiff has in the past and will in the future be required to seek medical care and incur expenses; that all of Plaintiff's injuries are permanent and progressive in nature.

(90)    The actions of Defendant Corizon with regard to Plaintiff were recklessly and callously indifferent to Plaintiff's rights.  Plaintiff is therefore entitled to an award of punitive damages against this Defendant.

WHEREFORE, Plaintiff prays for judgment in Count IV in his favor and against Defendant Corizon Health Inc., n/k/a Tehum Care Services, Inc., for damages in a sum that is fair and reasonable for the injuries sustained by Plaintiff, for Plaintiff's pecuniary and non-pecuniary losses, for pre-judgment and post-judgment interest, for punitive damages, for his costs, and for such other and further other relief as the Court deems just and proper.

## COUNT V – NEGLIGENT FAILURE TO HIRE, TRAIN, AND/OR SUPERVISE
### *Against Defendants City of St. Louis, Missouri and Director of Public Safety, Charles Coyle*

(91)     Plaintiff restates and incorporates paragraphs 1 through 90 as if fully set forth herein.

(92)     Plaintiff's symptoms were of sufficient severity that Plaintiff should have received more appropriate medical care for his objectively serious medical condition.

(93)     Defendants City's and Coyle's servants, employees and/or agents, actual or ostensible, were aware or should have been aware of the severity of Plaintiff's medical condition.

(94)     Defendant City and Coyle owed a duty to Plaintiff and were responsible to ensure that its servants, employees and/or agents, actual or ostensible, were providing medical care consistent with its policies and procedures.

(95)     Defendant City and Coyle were negligent in its supervision of its servants, employees and/or agents, actual or ostensible, including the medical staff providing care to Plaintiff, in that it failed to ensure its policies and procedures as aforementioned were carried out.

(96)     Defendants City and Coyle knew or should have known that failure to provide adequate medical care to Plaintiff was a violation of Plaintiff's constitutional rights.

(97)     Defendants City and Coyle oversaw and were responsible for implementing policies relating to medical treatment that was to be provided to inmates of the Justice Center, including Plaintiff.

(98)     Defendants City and Coyle were negligent in their supervision of the medical staff and corrections officers of the Justice Center in that each failed to ensure the policies and procedures as aforementioned were carried out.

(99)    Defendants City and Coyle each also deliberately and knowingly failed to properly train and/or supervise their deputies at the Justice Center in that at the time Plaintiff was held at the Justice Center, Defendants City and Coyle had inadequate policies, procedures, training, manuals, and guidelines for the proper training of their deputies for proper handling of such situations as herein pled.  The failure includes but is not limited to:

     a.   Failure to properly inform medical personnel of Plaintiff's deteriorating condition as aforesaid;

     b.   Failure to transport Plaintiff to an appropriate medical facility as soon as they knew or in the exercise of reasonable care should have known Plaintiff was in need of serious medical attention;

     c.   Failure to summon emergency medical personnel as soon as they knew or in the exercise of reasonable care should have known Plaintiff was in need of serious medical attention; and

     d.   Failure to timely transport Plaintiff to an outside medical facility.

(100)    The failure(s) as aforesaid was/were part of the official policy adopted by Defendants City and Coyle or was/were part of a custom or usage that was known to Defendants City and Coyle and had been allowed to develop and continue.  In doing so, each Defendant was acting under color of state law.

(101)    Defendants violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments to the Constitution of the United States.  Defendants are liable for their violations pursuant to 42 U.S.C. § 1983.

(102)    As a direct and proximate result of the negligence of Defendants City and Coyle as set forth above, Plaintiff's finger and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves and other soft tissues were severely wrenched, twisted, torn,

19

impacted, crushed and otherwise damaged; that Plaintiff's nerves and entire nervous system were disturbed and injured; that Plaintiff's serious and permanent injuries have caused Plaintiff to suffer limitation of motion and loss of ability to perform day-to-day activities and thereby has prevented Plaintiff from enjoying life; that Plaintiff has in the past and will in the future be required to seek medical care and incur expenses; that all of Plaintiff's injuries are permanent and progressive in nature.

(103)   The actions of Defendants City and Coyle were recklessly and callously indifferent to Plaintiff's Eighth and Fourteenth Amendment rights.  Plaintiff is therefore entitled to an award of punitive damages against these Defendants, in their individual capacities, to punish these Defendants and to deter them and others from like conduct in the future.

(104)   Pursuant to 42 U.S.C. § 1988, Defendants City and Coyle are liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment in Count V in his favor and against Defendants City of St. Louis, Missouri and Charles Coyle, for damages in a sum that is fair and reasonable for the injuries sustained by Plaintiff, for Plaintiff's pecuniary and non-pecuniary losses, for pre-judgment and post-judgment interest, for punitive damages, for his costs and attorneys' fees, and for such other and further other relief as the Court deems just and proper.

## COUNT VI – DAMAGES

(105)   Plaintiff restates and incorporate paragraphs 1 through 104 as if fully set forth herein.

(106)   That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of equal protection set forth in Art. I, §2 of the Missouri Constitution, by treating

medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for such treatment.

(107)    That in failing to provide an index for inflation on the limits for non-economic damages, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of equal protection set forth in Art. I, §2 of the Missouri Constitution, by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for such treatment.

(108)    That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of open courts and certain remedies set forth in Art. I, §14 of the Missouri Constitution, by denying medical negligence plaintiffs free and open access to Missouri's Courts of justice and a certain remedy afforded for every injury.

(109)    That in failing to provide an index for inflation on the limits for non-economic damages, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of open courts and certain remedies set forth in Art. I, §14 of the Missouri Constitution, by denying medical negligence plaintiffs free and open access to Missouri's Courts of justice and a certain remedy afforded for every injury.

(110)    That in failing to provide an index for inflation on the limits for non-economic damages, Missouri Statutes §§ 538.205, 538.210, 538.215 violate Art. I, §26 of the Missouri Constitution by taking private property without just compensation.

(111)    That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate Art. I, §10 of the Missouri Constitution by depriving medical negligence plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

(112)     That in failing to provide an index for inflation on the limits for non-economic damages, Missouri Statutes §§ 538.205, 538.210, 538.215 violate Art. I, §10 of the Missouri Constitution by depriving medical negligence plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

(113)     That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the right to trial by jury set forth in Art. I, §22(a) of the Missouri Constitution.

(114)     That in failing to provide an index for inflation on the limits for non-economic damages, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the right to trial by jury set forth in Art. I, §22(a) of the Missouri Constitution.

(115)     That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of equal protection set forth in the United States Constitution by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for such treatment.

(116)     That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the guarantee of due process of law set forth in Art. I, §2 of the United States Constitution without a rational basis that furthers a legitimate interest.

(117)     That in limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the right to trial by jury set forth in the Seventh Amendment to the United States Constitution.

(118)     That in limiting the amount of non-economic damages that a plaintiff may recover in a medical negligence case, Missouri Statutes §§ 538.205, 538.210, 538.215 violate the right of

substantive due process inasmuch as the legislature is substituting its judgment regarding the amount of compensation due to a plaintiff without any consideration of (1) the nature of the injury; (2) the severity of the injury; (3) the wrongfulness of the defendant's conduct; or (4) the impact of the injury on the plaintiff's ability to enjoy life and liberty; and by doing so the above statutory cites deny the medical malpractice plaintiff a cognizable liberty interest by infringing on the constitutionally guaranteed right to have damages determined by a jury with respect to the award of non-economic damages.

(119)    That Missouri Statute §537.067, which purports to eliminate joint and several liability of tortfeasors who are found to bear less than 51% of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury violates the plaintiffs right to due process of law, guaranteed by Art. I, §10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

(120)    That Missouri Statute §537.067, which purports to eliminate joint and several liability of tortfeasors who are found to bear less than 51% of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury violates the plaintiffs rights to a certain remedy for every injury, guaranteed by Art. I, §14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute.

(121)    That Missouri Statute §510.265, which purports to limit punitive damages, violates Art. I, §2 of the Missouri Constitution, which guarantees plaintiff's right to equal protection of the law, because the cap on punitive damages irrationally treats plaintiffs in tort actions where the defendant pleads guilty to or is convicted of a felony differently than plaintiffs in actions where a criminal prosecution is not pursued or is unsuccessful.

(122)   That Missouri Statute §490.715., which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to Plaintiff or decedent, violates the plaintiffs right to a trial by jury as guaranteed by Art. I, §22(a), of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages without interference by legislature.

(123)   That by requiring plaintiff's counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the defendant(s), and purports to require the Court to dismiss the action if either plaintiff's counsel fails to submit said affidavit or, after in camera review of the written opinion, the Court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the plaintiff was injured due to medical negligence by a defendant(s), Missouri Statute §538.225 violates plaintiffs' rights to open courts and certain remedies for every injury, guaranteed by Art. I, §14 of the Missouri Constitution, violates plaintiffs' right to trial by jury, guaranteed by Art. I, §22(a) of the Missouri Constitution, violates the separation of powers, established by Art. II, §1 of the Missouri Constitution, and violates the requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Art. V, §5 of the Missouri Constitution.

WHEREFORE, Plaintiff, Brandon Eisenbach, prays that this Court declare that Missouri Statutes §§ 490.715, 510.265, 538.205, 538.210, 538.215, are unconstitutional and therefore to apply the laws in effect before August 28, 2005, and for such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

ROBERTS, WOOTEN & ZIMMER, LLC
Attorneys At Law
10438 Business 21
PO Box 888
Hillsboro, MO 63050
(636) 797-2693 / (636) 789-4205 (fax)

By: ____/s/ Jonathan W. Doss, #70033MO____
       Charles R. Wooten, #51250MO
       CharlesWooten@RWZLaw.com
       Jonathan W. Doss, #70033MO
       JonathanDoss@RWZLaw.com