**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON EISENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-462-HEA |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Charles Coyle's Motion To Dismiss. (ECF No. 37).  For the reasons explained below, the motion will be granted.

In Counts I and V of his Complaint, Plaintiff asserts 42 U.S.C. § 1983 claims against Defendant City of St. Louis, and against Defendant Coyle in his official capacity.  Coyle is employed by the City of St. Louis as the Director of Public Safety.

In support of the instant motion, Coyle contends that official-capacity suits are another way of pleading an action against the entity of which the officer is an agent.  (ECF No. 38) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).  Citing *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010), Coyle notes that a suit against a government officer in his official capacity is the functional equivalent of a suit against the employing governmental entity, and therefore, Plaintiff's claims against him are duplicative of his claims against the City of St. Louis.  Coyle asks this Court to dismiss the claims against him as duplicative.  Plaintiff has not responded to the motion, and the time for doing so as passed.

The Court finds Coyle's unopposed Motion to Dismiss is well taken.  The Court therefore grants the motion, and orders Defendant Charles Coyle dismissed from this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charles Coyle's Motion to Dismiss (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Charles Coyle is **DISMISSED** from this action, without prejudice.  A separate order of partial dismissal will be entered herewith.

Dated this 29th day of  September, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE