# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON EISENBACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-462-HEA |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon a Motion for Stay filed by Defendants Deborah Jones, Naomi Perry, Khalilah Morse, Lakisha Baxton, and Andreal Brown (ECF No. 18), and a Motion for Stay filed by Defendant Nawassha Frazier. (ECF No. 28). For the reasons explained below, the motions will be denied, without prejudice.

## Background

Defendants Jones, Perry, Morse, Baxton, Brown, and Frazier (collectively "Defendants") are healthcare providers. In the Complaint, Plaintiff claims they are responsible for injuries he sustained while incarcerated at the St. Louis City Justice Center (also "Justice Center"). At the time of the incidents giving rise to Plaintiff's claims, Defendants were employed by Corizon, the contracted provider of health care services at the Justice Center, and their alleged wrongdoing occurred in the course and scope of such employment.

At present, Corizon is also known as Tehum Care Services, Inc. ("TCS"). On February 13, 2023, Corizon/TCS filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code, which currently remains pending. *See In re Tehum Care Services, Inc.*, No. 23-90086 (S.D. Tx. 2023). The Complaint in this case was filed on April 12, 2023. Defendants provide

documentation that, in other civil actions in this judicial district and others, Corizon/TCS has filed suggestions of bankruptcy and notices of automatic stay. *See, e.g.,* (ECF Nos. 18-1 and 28-1). Corizon/TCS is not currently a named party defendant in this action.

In the instant motions, Defendants ask the Court to order a stay of these proceedings as to the claims against them. They ask that the stay be entered for at least 90 days. In support, Defendants state they did not carry liability insurance to cover them for claims such as the ones asserted in the Complaint, and that Corizon traditionally and routinely defended and indemnified its current and former employees for such claims. They aver that Plaintiff's "real claim" is therefore against Corizon/TCS. (ECF No. 18 at 2; ECF No. 28 at 2). They state that Corizon/TCS's insurance coverage for such claims is not triggered until it pays its self-insured retention, and contend that because the bankruptcy stay precludes such payment, insurance coverage on their behalf is effectively precluded.

Defendants speculate that the bankruptcy court may extend the bankruptcy stay as to them. They state they cannot effectively defend themselves without access to documents and other materials Corizon/TCS possesses, which are currently unavailable due to the pending bankruptcy proceedings. Finally, Defendants assert that a stay would be fundamentally fair to them and promote judicial economy and efficiency by allowing them to avoid or minimize work, such as depositions, that may ultimately prove moot if they are included in any bankruptcy discharge. They also note they may have to defend themselves with their own resources.

Defendants provide a document titled "Corizon Case List – Notices Filed," and they provide a copy of the Texas Bankruptcy Court's March 3, 2023 order temporarily extending the automatic stay to other entities and parties pursuant to § 105(a) of the Bankruptcy Code. (ECF No. 18-1 and 18-2; ECF No. 28-1 and 28-2). Defendants ask for a stay of at least 90 days to

allow them to evaluate the impact of Corizon/TCS's bankruptcy, arrange for substitute counsel if needed, and evaluate the merits of Plaintiff's claims.

## Discussion

Defendants do not assert, and independent inquiry does not show, that the bankruptcy court has extended the stay as to the claims against them in this action. Defendants also identify no authority allowing this Court to extend the bankruptcy stay pursuant to § 105(a) of the Bankruptcy Code, and the Court is aware of no such authority. Therefore, to the extent Defendants can be understood to request such an extension, the request is denied.

This Court does have "broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). However, based upon the current record, the Court finds no reason to stay this matter as to Defendants at this time. Defendants present no evidence that Corizon/TCS has agreed to defend or indemnify them in this action. Additionally, Plaintiff has yet to effect service of process upon all of the named defendants, and not all named defendants have answered the Complaint. There is no scheduling order in effect establishing deadlines for discovery and other events, so Defendants are under no Court-ordered obligation to complete depositions or other such work at this time. However, recognizing that the relevant circumstances may change as this case progresses, the Court will deny the motions without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Stay filed by Defendants Deborah Jones, Naomi Perry, Khalilah Morse, Lakisha Baxton, and Andreal Brown (ECF No. 18) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Stay filed by Defendant Nawassha Frazier (ECF No. 28) is **DENIED** without prejudice.

Dated this 29th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE