# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON EISENBACH, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-462-HEA |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on Defendant City of St. Louis's Motion to Dismiss. (ECF No. 51). The motion is fully briefed, and ready for disposition. For the reasons stated below, the motion will be denied.

### Background

In the Complaint, Plaintiff alleges he was taken into police custody on or about April 13, 2021, and incarcerated in the St. Louis City Justice Center (Justice Center). Within a day, he began complaining of pain, swelling, and discoloration in his left ring finger. Plaintiff repeatedly complained to certain Defendants, but was not provided with medical treatment until April 24, 2021, when he was taken to the infirmary. On that same day, infirmary staff transferred Plaintiff to the hospital, where he was diagnosed with a MRSA infection. Plaintiff remained hospitalized until May 14, 2021. He underwent extensive medical treatment, including removal of part of his finger.

In the Complaint, Plaintiff asserts claims against the City of St. Louis (also "Defendant" or "City") under 42 U.S.C. § 1983, and state law. Plaintiff names the City in Count I (Failure to Provide Adequate Medical Care Cognizable Under 42 U.S.C. § 1983); Count II (Medical

Negligence); and Count V (Negligent Failure to Hire, Train, and/or Supervise). Count V includes allegations that the City "deliberately and knowingly" failed to properly train and/or supervise the Justice Center deputies, and are liable for such violations pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 19). Plaintiff alleges his injuries occurred as a result of the City's deliberately indifferent failure to properly train and/or supervise the Justice Center employees, and as a result of an official City policy and/or custom or usage that was known to the City and had been allowed to develop and continue. Plaintiff also alleges that the City "purchased and had in effect a policy of insurance to insure itself and the Justice Center against claims or causes of action[] for damages caused by its employees engaged in government functions, including the tort and civil rights violations described herein." *Id.* at 6. The City answered the Complaint on July 18, 2023.

In its memorandum in support of the motion, the City asserts that Count I and Count II "fails to state a claim" against the City "pursuant to Rule 12(c)" of the Federal Rules of Civil Procedure, and Count V "fails to state a claim against the City on a 'failure to train' theory." (ECF No. 52 at 2, 3, and 8). The City contends that Plaintiff has not adequately pleaded negligence claims, and has not pleaded a waiver of sovereign immunity. The City also contends that Plaintiff has not stated plausible claims cognizable under 42 U.S.C. § 1983, and impermissibly seeks to hold it vicariously liable for the actions of its employees. Plaintiff opposes the motion, and the matter is now ripe for disposition.

## Discussion

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings should be granted only if the moving party clearly establishes that

there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

A motion under Rule 12(c) is determined by the same standards applied to a motion under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009), *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). In deciding a Rule 12(c) motion, the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

The City argues that Plaintiff's 42 U.S.C. § 1983 claims against it should be dismissed because Plaintiff failed to plead which defendants engaged in what misconduct, and because the City cannot be held vicariously liable for the actions of its employees. In response, Plaintiff argues he has adequately pleaded claims of constitutional dimension, and adequately pleaded the City's liability for the alleged harm. Plaintiff's arguments are well taken.

A municipality can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, as the City asserts, a municipality cannot be held vicariously liable for the actions of its employees. *Szabla v. City of Brooklyn Park, MN,* 486 F.3d 385, 389 (8th Cir. 2007). Instead, the plaintiff must establish the municipality's liability for the alleged constitutional violation. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or

supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has sufficiently demonstrated that he had an objectively serious medical need.  He has also identified individual defendants, and alleged facts showing they actually knew of the medical need but were deliberately indifferent to it.  Plaintiff's allegations state plausible claims of denial of constitutionally adequate medical care.  *See East v. Minnehaha County*, 986 F.3d 816, 820 (8th Cir. 2021).  Regarding the City, Plaintiff alleges that the constitutional violations resulted from the City's inadequate practices and deliberately indifferent failure to properly train and/or supervise Justice Center employees, that they occurred pursuant to an official City policy, and/or that they were part of a custom or usage that was known to the City and had been allowed to develop and continue. Taking Plaintiff's allegations as true, the Court finds they are sufficient to state plausible municipal liability claims against the City.  *See Monell,* 436 U.S. 658.

The City also argues that the Complaint fails to state plausible negligence claims, and fails to plead a waiver of sovereign immunity.  In response, Plaintiff contends he has sufficiently alleged negligence claims, and has sufficiently alleged a waiver of the City's sovereign immunity.  Plaintiff points to his allegations that the City "purchased and had in effect a policy of insurance to insure itself and the Justice Center against claims or causes of action[] for damages caused by its employees engaged in government functions, including the tort and civil rights violations described herein."  (ECF No. 1 at 6).  In reply, counsel for the City provides his own declaration that he has represented the City in other cases over the last two years, and during that time he determined that the City has not purchased insurance that would cover Plaintiff's claims or demonstrate a waiver of sovereign immunity.

4

"[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception such as the proprietary function and consent exceptions, sovereign immunity is the rule and applies to all suits against public entities[.]" *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921-22 (Mo. banc 2016). Missouri law provides three statutory exceptions to sovereign immunity, including, as relevant here, when a political subdivision purchases liability insurance to cover certain tort claims. Mo. Rev. Stat. § 537.610.1; *see also Hammer v. City of Osage Beach*, 318 F.3d 832, 841 (8th Cir. 2003). "[A] plaintiff must specifically plead facts demonstrating that the claim is within this exception to sovereign immunity" by pleading the existence of insurance and that the insurance covers the plaintiff's claim. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003).

Taking Plaintiff's allegations as true, the Court finds he has alleged plausible negligence claims, and has adequately pleaded that those claims fall within an exception to sovereign immunity. Plaintiff specifically pleads a waiver of sovereign immunity by alleging that the City "purchased and had in effect a policy of insurance to insure itself and the Justice Center against claims or causes of actions for damages caused by its employees engaged in government functions, including the tort and civil rights violations described herein," and "[t]he purchase of insurance constitutes an intentional waiver of sovereign immunity by the Defendant City and its covered officers and employees for all of Plaintiff's claims." (ECF No. 1 at 6). Taking Plaintiff's allegations as true, the Court finds they are sufficient to show that his negligence claims fall within an exception to sovereign immunity. *See, e.g., Newbold v. City of St. Louis, Missouri,* 2019 WL 3220405 (E.D. Mo. Jul. 16, 2019); *Aldridge v. City of St. Louis, Missouri,* 2019 WL 1695982 (E.D. Mo. Apr. 17, 2019). For all of the foregoing reasons, the City's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' Motion to Dismiss (ECF No. 51) is **DENIED**.

Dated this 9th Day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE