UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON EISENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-462-HEA |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis's Motion for

Judgment on the Pleadings as to Counts I and V. [Doc. 77]. Plaintiff opposes the

motion. [Doc. 79]. For the reasons stated below, the motion will be granted as to

Count I and denied as to Count V.

## BACKGROUND

The following facts are taken from the Complaint and accepted as true for

purposes of this motion. Plaintiff was taken into police custody on or about April

13, 2021, and held in the St. Louis City Justice Center (Justice Center). Within a

day, he began complaining of pain, swelling, and discoloration in his left ring

finger. He complained during medication pass, to the individual medical providers

named in the Complaint, and other unidentified Justice Center medical staff. He

also filed requests seeking medical treatment. Despite the continuous requests for

medical attention and direct observation of the condition of his finger by

correctional officers and medical staff, he did not receive medical treatment until

April 24, 2021.  On that date, he was taken to the infirmary and then transferred to

a hospital where he was diagnosed with a MRSA (Methicillin-resistant

Staphylococcus aureus) infection.  Plaintiff underwent extensive medical treatment

including removal of part of his finger.  He remained hospitalized until May 14,

2021.

Plaintiff brings claims against the City of St. Louis (City) under 42 U.S.C.

§ 1983 and Missouri state law.  Specifically, he names the City in three counts –

Count I – Failure to Provide Adequate Medical Care Cognizable Under 42 U.S.C.

§ 1983; Count II – Medical Negligence; and Count V – Negligent Failure to Hire,

Train, and/or Supervise.  The City has filed the instant motion seeking judgment on

the pleadings on Counts I and V.  [Doc. 77].  The City argues that those claims fail

based on the dismissal of Defendant Charles Coyle along with Plaintiff's failure to

name any other City employee.  [Doc. 78].  Plaintiff opposes the motion arguing

that the law does not require him to identify a specific City employee to maintain a

claim against the City.  [Doc. 79].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), after the pleadings are closed a

party may move for judgment on the pleadings.  "[J]udgment on the pleadings is

appropriate where no material issue of fact remains to be resolved and the movant

is entitled to judgment as a matter of law." *Poehl v. Countrywide Home Loans,*

*Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (internal quotation marks and citations

omitted).  A motion under Rule 12(c) is determined by the same standards that are

applied to a motion under Rule 12(b)(6).  *Ginsburg v. InBev NV/SA*, 623 F.3d

1229, 1233 n.3 (8th Cir. 2010).   The court must accept all facts pleaded by the

nonmoving party as true and draw all reasonable inferences from the pleadings in

favor of the nonmoving party.  *Corwin v. City of Independence, Mo.*, 829 F.3d 695,

699 (8th Cir. 2016).  When deciding a motion for judgment on the pleadings, a

district court refrains from considering matters beyond the pleadings, other than

certain public records and "materials that do not contradict the complaint, or

materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*,

725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks and citations omitted).

## DISCUSSION

### *Count I*

"Prisoners and pretrial detainees[1] are protected under the Constitution from

a state actor's deliberate indifference towards the inmate's serious medical needs."

---

[1] "Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).  As a practical matter, pretrial detainees "are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."  *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

*Corwin v. City of Indep., MO.*, 829 F.3d at 698 (citations omitted).  "Deliberate indifference has both an objective and a subjective component."  *Id.* (citation omitted).  "The objective component requires a plaintiff to demonstrate an objectively serious medical need."  *Id.* (citations omitted).  "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need."  *Id.* (citations omitted).  The allegations in Count I of the Complaint sufficiently plead the objective and subjective components of a deliberate indifference claim against the individual defendants.  However, those same allegations, without more, are not sufficient to plead a claim against the City.

A municipality is not subject to liability under § 1983 for an injury resulting from an unconstitutional act of its employee on a respondeat superior theory of liability.  *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Instead, a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue through (1) "an official municipal policy," (2) "an unofficial custom," or (3) "a deliberately indifferent failure to train or supervise."  *Corwin v. City of Independence., MO.*, 829 F.3d at 699 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) and *Monell*, 436 U.S. at 691).

4

"There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). A policy in this context means "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., MO.*, 829 F.3d at 700 (citation omitted). For municipality liability based on an unofficial custom, a plaintiff must allege facts demonstrating:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Hall v. Higgins*, 77 F.4th 1171, 1180 (8th 2023).

For a failure to train claim against a municipality, a plaintiff must allege facts demonstrating:

> (1) [the City's] training practices were inadequate; (2) [the City] was deliberately indifferent to the rights of others in adopting these training practices, and [the City's] failure to train was a result of deliberate and conscious choices it made; and (3) [the City's] alleged training deficiencies caused [plaintiff's] constitutional deprivation.

*Ulrich v. Pope Cnty.*, 715 F.3d at 1061.

5

Here, there are no allegations in Count I to support *Monell* liability against the City.[2]  Plaintiff does not allege facts that would demonstrate the existence of a policy or custom by the City that caused the alleged constitutional deprivation.  He does not identify any official action by the City setting a policy of ignoring inmates' medical needs.  Nor has he alleged an unofficial custom of ignoring inmates' medical needs.  And there are no allegations of a deliberate indifference to train or supervise in Count I.  Instead, the allegations in Count I allege a straightforward deliberate indifference claim based on the delay and/or denial of medical care against the individual defendants.  Because there are no allegations in Count I that the alleged deliberate indifference to a serious medical need resulted from a policy, unofficial custom, or deliberately indifferent failure to train or supervise its employees, the City's motion will be granted as to Count I.

### Count V

Plaintiff argues that with the dismissal of Coyle the *Monell* claim in Count V must be dismissed for failure to allege an unconstitutional act by a municipal employee.  However, the dismissal of Coyle is not fatal to Plaintiff's claim.  "[A]lthough there must be an unconstitutional act by a municipal employee before a municipality can be held liable, there need not be a finding that a municipal

---

[2] The allegations to support *Monell* liability for deliberate indifference to a serious medical need against the City are set forth in Count V.  If those allegations were also included in Count I, then Counts I and V would be duplicative.

6

employee is liable in his or her individual capacity." *Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018) (internal quotation marks and citations omitted).

As previously stated, the Court must accept all facts pleaded by Plaintiff as true and draw all reasonable inferences from the pleadings in his favor.  The allegations in Count V refer to Defendant City's "servants, employees and/or agents" and "medical staff and corrections officers of the Justice Center."  The individual Defendants named in the Complaint are identified as medical staff at the Justice Center.  Throughout the Complaint, references to Justice Center staff include the medical staff.

Further, Plaintiff alleges that the constitutional violation resulted from the City's inadequate practices and deliberately indifferent failure to properly train and/or supervise Justice Center employees, that they occurred pursuant to an official City policy, and/or that they were part of a custom or usage that was known to the City and had been allowed to develop and continue.

Taking Plaintiff's allegations as true, the Court finds that the City is not entitled to judgment on the pleadings against the City in Count V.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis's Motion for Judgment on the Pleadings, [Doc. 77], is **GRANTED as to Count I** and **DENIED as to Count V**.

7

**IT IS FURTHER ORDERED** that Judgment is entered on Count I in favor of the City of St. Louis, Missouri and against Plaintiff.  A Judgment will be entered at the conclusion of this case.

Dated this 5th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE