**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON EISENBACH | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00462 HEA |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS DEBORAH JONES, NAOMI PERRY, KHALILAH MORSE, LAKISHA
BAXTON, AND ANDREAL BROWN'S MOTION TO STAY THIS ACTION UNLESS
THE U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS IN In
Re: Tehum Care Services, Inc., ISSUES AN ORDER PERMITTING PLAINTIFF TO
FURTHER PROSECUTE THE ACTION ("MOTION FOR STAY")**

COME NOW Defendants Deborah Jones, Naomi Perry, Khalilah Morse, Lakisha Baxton,

and Andreal Brown, by and through undersigned counsel, and for their Motion to Stay, state as

follows:

1.      Plaintiff filed this lawsuit on April 12, 2023, naming various Parties, including

movants herein, and raising claims under 42 USC 1983 for injuries allegedly sustained while

incarcerated at the St. Louis City Justice Center (Doc. 1).

2.      Movants are healthcare providers who were, at the time of the allegations of

incidents set forth in the Plaintiff's lawsuit, employees of Corizon, a/k/a Tehum Care Services

("Corizon").

3.      Corizon filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court of

the Southern District of Texas, Houston Division, on February 13, 2023 (Cause No.: 23-

90086(CML)), and civil lawsuits pending against Corizon were stayed pursuant to the

Bankruptcy Court's Order at that time.

4.      These Defendants respectfully request that the Court enter an Order staying this action, including all deadlines in the Scheduling Order (Doc. 89), until the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division) in In Re: Tehum Care Services, Inc. (f/k/a Corizon Health, Inc. (Debtor), Case No. 23-90086 (CML), ("Bankruptcy Case")), issues an Order deciding the Omnibus Motion to Enjoin (attached hereto as Exhibit A, "Motion to Enjoin").

5.      As discussed below, the Motion to Enjoin seeks an Order from the Bankruptcy Court clarifying that actions brought against Debtor's former employees are enjoined, consistent with the administration and intended consummation of the now-effective Bankruptcy Plan, including the existing injunctions and releases therein.

6.      As the Bankruptcy Court has exclusive jurisdiction to determine issues related to the Plan and its injunctions, the present action should be stayed unless the Bankruptcy Court determines that it can continue.  These Defendants will promptly inform this Court of the Bankruptcy's Court Order.

7.      Tehum Care Services, Inc., f/k/a Corizon Health, Inc., commenced a Chapter 11 case in the United States Bankruptcy Court for the Southern District of Texas.  By Order dated March 3, 2025 (Bankruptcy Doc. 2014), the Bankruptcy Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor ("Plan").  All capitalized terms herein have their meaning as defined in the Plan unless otherwise noted.  The Plan is now effective.

8.      These Defendants are now former employees of Debtor.  As the Motion to Enjoin explains, Debtor and its former employees are included as "Released Parties" under the Plan. Plan, Art. I, ¶ 175.

9.      In furtherance of the Plan's consummation, the Plan contains certain injunctions and a Consensual Claimant Release that will fully release Plaintiff's Cause of Action against these Defendants as long as the injunction and Releases do not terminate or become void.  See Plan, Art. IV.B.7 and IX.D.

10.      When the Plan became effective, and in compliance with any meet and confer requirements, these Defendants sent a letter to Plaintiff requesting that Plaintiff stipulate to stay this action consistent with the Plan.  To date, Plaintiff has not agreed to so stipulate.

11.      The Motion to Enjoin before the Bankruptcy Court requests that the Bankruptcy Court enter an Order confirming that all Plaintiffs with actions that will be released upon the Final Payment Date are enjoined from further prosecuting their actions as long as the injunctions and Releases do not terminate or become void.

12.      Amongst the existing injunctions discussed in the Motion to Enjoin, the Bankruptcy Court precluded and enjoined "actions to interfere with the implementation and consummation of the Plan."  Plan, Art. IX.J.  Then Bankruptcy Court also retained "exclusive jurisdiction over all matters arising out of or related to the Chapter 11 Case and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code."  Plan, Art. XII.A.  The Bankruptcy Court's exclusive jurisdiction includes jurisdiction to "issue and enforce injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Commencement, implementation, or enforcement of the Plan. Including all settlements (including the Estate Party Settlement), Releases, Exculpations, and Injunctions provided for under the Plan."  See Plan, Art. XII.A.9.

13.      Should Plaintiff contend that the Confirmation Order and Plan does not enjoin this case from proceeding, Plaintiff must litigate that dispute in the Bankruptcy Court.  Plan, Art.

XII.A.  Accordingly, these Defendants respectfully request that this Court enter an Order staying this action until and unless the Bankruptcy Court issues an Order that permits it to continue.

14.     In light of the Court-ordered injunction in place precluding further prosecution of this case against these Defendants, a stay is warranted until the Debtor fully funds the Plan and Defendants are thereby released, or fails within thirty (30) months to do so, at which time Plaintiff may proceed.

WHEREFORE, based upon the above facts and reasons, and per the Motion to Enjoin, attached hereto as Exhibit A, Defendants Khalilah Morse, Deborah Jones, Naomi Perry, Lakisha Baxton, and Andreal Brown respectfully pray that this Honorable Court enter an Order staying this action until and unless the Bankruptcy Court issues an Order that permits it to continue, and for any further relief as this Court finds just and necessary under the circumstances.

Respectfully Submitted,

 /s/ J. Thaddeus Eckenrode_____
J. Thaddeus Eckenrode, #31080MO
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, Missouri 63141
Phone: (314) 726-6670
Fax: (314) 726-2106
jte@eckenrode-law.com
*Attorneys for Defendants Deborah Jones, Naomi Perry,*
*Khalilah Morse, Lakisha Baxton, and Andreal Brown*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic court filing and electronic mail on this 9th day of June, 2025, to the following:

**Charles R. Wooten**
**Jonathan Walter Doss**
ROBERTS WOOTEN LLC
CharlesWooten@RWZLaw.com
JonathanDoss@ RWZLaw.com
*Attorney for Plaintiff*

                                        */s/ Haley Henke*